UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:	Case No. 18-01159
	Honorable Janet S. Baer
BRIAN J HENDENSKI and JACKIE M	Chapter 13
STEFANIW

**ALLY FINANCIAL'S OBJECTION TO CONFIRMATION OF THE DEBTORS' CHAPTER 13 PLAN**

NOW COMES Ally Financial, by and through its attorney James M. Philbrick of the LAW OFFICES OF JAMES M. PHILBRICK P.C., and as and for its Objection to Confirmation of Debtors' Chapter 13 Plan, states as follows:

1.	That Ally Financial is a creditor-claimant of the Debtors, and brings this Objection pursuant to 11 U.S.C. §1324 and §1325.

2.	That on April 12, 2016, the Debtors executed an Agreement for an interest in one 2015 MITSUBISHI OUTLANDER, VIN: 4A4AP3AW5FE047260.

3.	That on April 12, 2016, the Agreement was duly assigned to Ally Financial. That thereafter the lien of Ally Financial was properly perfected in accordance with the Illinois Motor Vehicle Act, and said lien was noted upon the certificate of title in connection with the aforesaid vehicle.

4.	That on January 16, 2018, the Debtors filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

5.	That the payoff balance owing to Ally Financial under the terms of the Agreement at the time of filing was $15,494.86

6.	That the Debtor's chapter 13 plan does not provide for the proper treatment of Ally Financial's claim. That the plan proports to be in compliance with 11 U.S.C. §1325a(5)(B)(i), which clearly states that Ally Financial will retain its lien until the earlier of either payment in full to Ally Financial under non-bankruptcy or upon discharge pursuant to 11 U.S.C. §1328. That Ally Financial should only be required to release it lien upon full payment of the debt due under the contract notwithstanding the fact that the debtor may receive a discharge prior to the debt being paid in full. Moreover, the plan should provide that the debtor will comply with the

provision of the said agreement and the plan should not complete until such time as the Debtors have made all payments due under the contract. The Debtor's plan does not provide any statement which provides for when the plan completes.

7. That the Debtors' Chapter 13 Plan does not provide for either the full value of Ally Financial's claim or for attorney fees in the amount of $500.00.

8. That the Debtors' Chapter 13 Plan should provide as follows: The Debtors shall remain in full compliance pursuant to the underlying retail installment contract for the 2015 MITSUBISHI OUTLANDER, VIN: 4A4AP3AW5FE047260, including payments, with Ally Financial, including monthly payments, interest, late charges and attorney's fees and, therefore, the discharge language pursuant to Section 1328 of the Bankruptcy Code does not apply to that debt owed to Ally Financial, and that Ally Financial shall retain its lien on the 2015 MITSUBISHI OUTLANDER, VIN: 4A4AP3AW5FE047260 until such time as the retail installment contract has been fully satisfied.

9. That for the reasons stated herein, confirmation of the Debtors' Chapter 13 Plan should be denied.

WHEREFORE, Ally Financial prays this Honorable Court for entry of an order denying confirmation of the Debtors' Chapter 13 Plan and for such other and further relief as the Court may deem just and proper.

    Ally Financial

    By:  /s/ James M. Philbrick
           One of its Attorneys

**CERTIFICATE OF SERVICE**

I, James M. Philbrick, an attorney, certify that I personally served the above Objection on the Debtors' attorney, Joseph P Doyle and on the Chapter 13 Trustee, Glenn Stearns, by Court Electronic Notification on the 27th day of January, 2018, before the hour of 5:00 p.m.

    /s/ James M. Philbrick

James M. Philbrick
Attorney No. 6244743
Law Offices of James M. Philbrick
P.O. Box 351
Mundelein, Illinois   60060
847/949-5290
Fax: 847/949-5690
jamesphilbrick@comcast.net