**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) |
|     BRIAN J. HENDENSKI, | ) |
|     JACKIE M. STEFANIW, | ) |
| | ) |
| TIMBER TRAILS UNIT 4 CONDOMINIUM ASSOCIATION, an Illinois Not-For-Profit Corporation, | ) Case Number: 18-01159 <br> ) Judge Janet S. Baer <br> ) Bankruptcy - Chapter 13 |
| | ) |
|     Creditor, | ) |
| | ) |
| v. | ) |
| | ) |
| BRIAN J. HENDENSKI, JACKIE M. STEFANIW, | ) |
|     Debtors. | ) |

**NOTICE OF MOTION**

TO:    See Attached Service List

On September 7, 2018 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Janet S. Baer, or any judge sitting in her stead, in Room 240 of the Kane County Courthouse, 100 S. Third Street, Geneva, IL 60134, and then and there present the attached ***Secured Creditor Timber Trails Unit 4 Condominium Association's Motion for Relief from Stay.***

CHARLES M. KEOUGH/DAWN L. MOODY
GABRIELLA R. COMSTOCK/JONATHAN D. WASSELL
BRYAN M. WILEY
KEOUGH AND MOODY, P.C.
Attorney Number 06283567
Attorney for Creditor
114 East Van Buren
Naperville, IL 60540
(630) 369-2700

  /s/ Dawn L. Moody
Attorneys for Creditor

**PROOF OF SERVICE**

I, DAWN L. MOODY, an attorney, on oath state, I served this Notice and Motion for Relief from Stay to the persons named on the service list via the method listed at or before 4:00 p.m. on August 21, 2018.

                                          /s/ Dawn L. Moody

**KEOUGH & MOODY COLLECTS DEBTS FOR ASSOCIATIONS.  ANY AND ALL INFORMATION OBTAINED CAN AND WILL BE USED FOR THIS PURPOSE.**

## **SERVICE LIST**

1.    Brian J. Hendenski, Jackie M. Stefaniw - via regular mail
      371 Evergreen Circle
      Gilberts, IL 60136

2.    Joseph P. Doyle - via regular mail and CM/ECF
      Law Office of Joseph P. Doyle
      105 S. Roselle Road, Suite 203
      Schaumburg, IL 60136

3.    Glenn B. Stearns - Chapter 13 Trustee - via CM/ECF
      801 Warrenville Road, Suite 650
      Lisle, IL 60532

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
|    BRIAN J. HENDENSKI, | ) | |
|    JACKIE M. STEFANIW, | ) | |
| | ) | |
| TIMBER TRAILS UNIT 4 CONDOMINIUM | ) | Case Number: 18-01159 |
| ASSOCIATION, | ) | Judge Janet S. Baer |
| an Illinois Not-For-Profit Corporation, | ) | Bankruptcy - Chapter 13 |
| | ) | |
|    Creditor, | ) | |
| | ) | |
|    v. | ) | |
| | ) | |
| BRIAN J. HENDENSKI, JACKIE M. STEFANIW, | ) | |
|    Debtors. | ) | |

**SECURED CREDITOR TIMBER TRAILS UNIT 4 CONDOMINIUM ASSOCIATION'S MOTION FOR RELIEF FROM STAY**

NOW COMES the Secured Creditor, TIMBER TRAILS UNIT 4 CONDOMINIUM ASSOCIATION, by and through its counsel, Charles M. Keough, Dawn L. Moody, Gabriella R. Comstock, Jonathan D. Wassell and Bryan M. Wiley of Keough and Moody, P.C. who respectfully prays for the entry of an order granting relief from the automatic stay pursuant to 11 U.S.C. Section 362(d), and in support thereof states:

(1) On January 16, 2018, the above captioned Chapter 13 was filed.

(2) The Debtors, Brian J. Hendenski and Jackie M. Stefaniw are the owners of a unit commonly known as 371 Evergreen Circle, Gilberts, IL 60136.

(3) The foregoing property is part of the Timber Trails Unit 4 Condominium Association and is subject to the provisions of the Declaration for Timber Trails Unit Four Condominium Association (hereinafter "Declaration"), which was recorded as Document No. 2002K030381 in the Office of the Kane County Recorder of Deeds, and subsequently amended.

(4) The Association is a party in interest and is secured by virtue of its Declaration.

(5) Pursuant to the terms of the Declaration, the Debtors are required to make monthly assessment payments to the Creditor in the amount of $265.24. If assessments are not paid by the day of the month in which they are due, a late charge in the amount of $40.00 is assessed to the account.

(6) Pursuant to the terms of the Declaration, the Debtors are required to pay all expenses connected with proceedings to collect unpaid assessments and enforce the Declaration terms. These amounts are assessed to the Debtor and deemed a part of the Common Expenses.

(7) The Debtors have failed to make current monthly assessment payments to the Creditor in conformity with the Declaration since prior to the filing of this bankruptcy action. Attached hereto is a true and accurate statement of account.

(8) On August 8, 2017, judgment in a forcible entry and detainer action (eviction action) was entered against Debtors in the amount of $2,560.23 for assessments, $500.00 for attorneys fees and $393.00 for court costs. The stay for the order of possession has expired. Attached hereto is a true and accurate copy of the judgment order.

(9) As of August 21, 2018, the amount due to the Creditor for post-petition assessments, late fees and attorney's fees is $1,256.68.

(10) The property commonly known 371 Evergreen Circle, Gilberts, IL 60136 is not necessary for the Debtors' successful reorganization.

(11) The Creditor lacks adequate protection due to the Debtors' failure to make regular, current monthly payments to the Creditor.

(12) Debtors' failure to make assessment payments jeopardizes the Creditor's ability to meet its scheduled budget or fund reserves, both of which are essential to the maintenance, upkeep, repair and replacement of the common areas as required by the Creditor pursuant to the Declaration recorded in Kane County, Illinois.

(13) For the reasons set forth above, it would be inequitable to delay the enforcement of any order granting relief from the automatic stay with respect to the Creditor; therefore, Bankruptcy Rule 4001(a)(3) should be waived.

WHEREFORE, Creditor, TIMBER TRAILS UNIT 4 CONDOMINIUM ASSOCIATION, respectfully requests this court to grant its MOTION FOR RELIEF FROM STAY, for Bankruptcy Rule 4001(a)(3) be waived, and for any and all further relief this court deems just and proper.

Respectfully Submitted,
TIMBER TRAILS UNIT 4 CONDOMINIUM ASSOCIATION,

By: _____/s/ Dawn L. Moody_____
One of its attorneys

CHARLES M. KEOUGH/DAWN L. MOODY
GABRIELLA R. COMSTOCK/JONATHAN D. WASSELL
BRYAN M. WILEY
KEOUGH AND MOODY, P.C.
Attorney Number 06283567
Attorney for Creditor
114 East Van Buren
Naperville, IL 60540
(630) 369-2700
X:\client\Timber Trails\collection\hendenski\bk\18-01159\Mt.Relief.wpd

**KEOUGH & MOODY COLLECTS DEBTS FOR ASSOCIATIONS.  ANY AND ALL INFORMATION OBTAINED CAN AND WILL BE USED FOR THIS PURPOSE.**

2002K030381

FILED FOR RECORD
KANE COUNTY, ILL.

2002 MAR -1 PM 4:00

Sandy Wegman
RECORDER

*THIS INSTRUMENT PREPARED BY:*
*Brian Meltzer*
*MELTZER, PURTILL & STELLE*
*1515 East Woodfield Road*
*Suite 250*
*Schaumburg, Illinois 60173-5431*
*(847) 330-2400*

Submitted By and Return To :
Ryland Homes
1051 Perimeter Drive, Suite 400
Schaumburg, IL 60173
Attn : Jean M. Klippstein

ABOVE SPACE FOR RECORDER'S USE ONLY

PINS: 02-25-300-010 and 02-25-400.027

30084\064\0002.539                                               2/28/02

# DECLARATION OF CONDOMINIUM OWNERSHIP FOR TIMBER TRAILS UNIT FOUR CONDOMINIUM

## TABLE OF CONTENTS

ARTICLE ONE    Definitions ................................................................................................1

1.01  ACT ...........................................................................................................................1
1.02  BOARD .....................................................................................................................2
1.03  BUILDING ................................................................................................................2
1.04  BY-LAWS .................................................................................................................2
1.05  COMMON ELEMENTS ...........................................................................................2
1.06  COMMON EXPENSES ............................................................................................2
1.07  CONDOMINIUM ASSOCIATION ..........................................................................2
1.08  COUNTY ...................................................................................................................2
1.09  DECLARANT ...........................................................................................................2
1.10  DECLARATION ......................................................................................................2
1.11  DEVELOPMENT AREA .........................................................................................2
1.12  DWELLING UNIT ...................................................................................................2
1.13  FIRST MORTGAGE ................................................................................................3
1.14  FIRST MORTGAGEE ..............................................................................................3
1.15  LIMITED COMMON ELEMENTS .........................................................................3
1.16  OWNER .....................................................................................................................3
1.17  PARCEL ....................................................................................................................3
1.18  PERSON ....................................................................................................................3
1.19  PLAT .........................................................................................................................3
1.20  PROPERTY OR CONDOMINIUM PROPERTY ....................................................4
1.21  RECORD ...................................................................................................................4
1.22  RESIDENT ................................................................................................................4
1.23  TURNOVER DATE .................................................................................................4
1.24  UNDIVIDED INTEREST .........................................................................................4

30084\064\0002.539 11/27/01

# DECLARATION OF CONDOMINIUM OWNERSHIP FOR TIMBER TRAILS UNIT FOUR CONDOMINIUM

This Declaration is made by and entered into by The Ryland Group, Inc., a Maryland corporation ("Declarant").

## RECITALS:

The Declarant holds title to, or may acquire title to, the Development Area, which is located in the Village of Gilberts, Kane County, Illinois. Declarant intends to submit and subject some or all of the Development Area to this Declaration and the Act. Initially, the Property shall consist of that portion of the Development Area which is legally described in Exhibit B, with all improvements thereon and appurtenances thereto. From time to time the Declarant may add additional portions of the Development Area to the Parcel as "Added Property" by Recording supplements to this Declaration, as more fully provided in Article Eight. Thus, as Supplemental Declarations are Recorded, the Property will expand to include more and more portions of the Development Area.

The Condominium Association shall be responsible for the administration of the condominium and the maintenance, repair and replacement of the Common Elements. Each Owner of a Dwelling Unit shall be assessed to pay his proportionate share of the Common Expenses required to operate the condominium, all as more fully provided for in this Declaration.

The Declarant shall retain certain rights set forth in this Declaration with respect to the Condominium Property and the Condominium Association including, without limitation, the right, prior to the Turnover Date, to appoint all members of the Board, the right to come upon the Property in connection with efforts to promote the sale or rental of Dwelling Units and other rights reserved in Article Eleven.

NOW, THEREFORE, Declarant as record title holder of the Parcel and the Property, hereby declares as follows:

### ARTICLE ONE
### Definitions

For the purpose of brevity and clarity, certain words and terms used in this Declaration are defined as follows:

1.01 ACT: The Condominium Property Act of the State of Illinois, as amended from time to time.

2002K030381

payment of assessments based on the Undivided Interest, if any, allocated to the Dwelling Unit in the amendment.

ARTICLE SIX
Assessments

6.01 <u>CREATION OF LIEN AND PERSONAL OBLIGATION</u>: The Declarant, for each Unit Ownership, hereby covenants, and each Owner of a Unit Ownership, by acceptance of a deed therefor, whether or not it shall be so expressed in any such deed or other conveyance, shall be and is deemed to covenant and hereby agrees to pay to the Condominium Association such assessments or other charges or payments as are levied pursuant to the provisions of this Declaration. Such assessments, or other charges or payments, together with interest thereon and costs of collection, if any, as herein provided, shall be a charge on the Unit Ownership and shall be a continuing lien upon the Unit Ownership against which each such assessment is made. Each such assessment, or other charge or payment, together with such interests and costs, shall also be the personal obligation of the Owner of such Unit Ownership at the time when the assessment or other charge or payment is due.

6.02 <u>PURPOSE OF ASSESSMENTS</u>: The assessments levied by the Condominium Association shall be exclusively for the purposes of promoting the recreation, health, safety, and welfare of members of the Condominium Association, to administer the affairs of the Condominium Association, and to pay the Common Expenses.

6.03 <u>ANNUAL ASSESSMENT</u>: Each year at least sixty (60) days before the end of the Condominium Association's fiscal year, and at least thirty (30) days before final adoption thereof, the Board shall furnish each Owner with a proposed budget for the ensuing fiscal year which shall show the following, with reasonable explanations and itemizations:

    (a) The estimated Common Expenses with an allocation of portions thereof for the payment of real estate taxes, if any;

    (b) The estimated amount, if any, to maintain adequate reserves for Common Expenses;

    (c) The estimated net available cash receipts from sources other than assessments, including, without limitation, receipts from any leases, licenses or concessions;

    (d) The amount of the "Annual Assessment", which is hereby defined as the amount determined in (a) above, plus the amount determined in (b) above, minus the amount determined in (c) above, minus excess funds, if any, from the current year's operation;

    (e) That portion of the Annual Assessment which shall be payable by the Owner with respect to his Dwelling Unit each month until the next Annual Assessment or revised Annual Assessment becomes effective, which monthly portion shall be equal to one twelfth (1/12th) of the Annual Assessment multiplied by the Dwelling Unit's

Undivided Interest.

6.04 PAYMENT OF ASSESSMENTS: On or before the first day of the fiscal year, and on or before the first day of each and every month thereafter until the effective date of the next Annual Assessment, each Owner of a Dwelling Unit shall pay to the Condominium Association, or as it may direct, that portion of the Annual Assessment, which is payable by such Owner.

6.05 REVISED ASSESSMENT: If the Annual Assessment proves to exceed funds reasonably needed, then the Board may decrease the assessments payable under Section 6.03 as of the first day of a month by the giving of written notice thereof (together with a revised budget for the balance of the year and reasons for the decrease) not less than ten (10) days prior to the effective date of the decreased assessment.

6.06 SPECIAL ASSESSMENT: The Board may levy a special or separate assessment (i) to pay (or build up reserves to pay) extraordinary expenses incurred (or to be incurred) by the Condominium Association for a specific purpose, including, without limitation, to make major repairs, additions, alterations or improvements to the Common Elements, or (ii) to cover an unanticipated deficit under the current or prior year's budget. If required under the Act, the special or separate assessment shall be approved by the requisite action of the Unit Owners. Each Owner shall be responsible for the payment of the amount of the special or separate assessment multiplied by his Dwelling Unit's Undivided Interest or, in the case of a special assessment for repairs, additions, alterations or improvements to Limited Common Elements, in the shares provided for or chosen by the Board hereunder. The Board shall serve notice of a special assessment on all Owners by a statement in writing giving the amount and reasons therefor, and the special assessment shall be payable in such manner and on such terms as shall be fixed by the Board. Any assessments collected pursuant to this Section (other than those to cover an unanticipated deficit under the current or prior year's budget) shall be segregated in a special account and used only for the specific purpose set forth in the notice of assessment.

6.07 ANNUAL REPORT: Within a reasonable time after the close of the Condominium Association's fiscal year, the Board shall furnish each Owner with an itemized account of the Common Expenses for such fiscal year actually incurred or paid, together with an indication of which portions of the Common Expenses for such fiscal year were incurred or paid for capital expenditures or repairs or the payments of real estate taxes, if any, and with a tabulation of the amounts collected for the Annual Assessment and showing the net excess or deficit of income over expenditures, plus reserves.

6.08 CAPITAL RESERVE: The Condominium Association shall segregate and maintain a special reserve account to be used solely for making capital expenditures in connection with the Common Elements, including a reserve fund for replacements (the "Capital Reserve"). The Board shall determine the appropriate level of the Capital Reserve based on a periodic review of the useful life of improvements to the Common Elements and equipment owned by the Condominium Association as well as periodic projections of the cost of anticipated major repairs or improvements to the Common Elements or the purchase of equipment to be used by the Condominium Association in connection with its duties hereunder. The Capital Reserve may be built up by special assessment or out of the Annual Assessment as provided in the budget. Each budget shall disclose that percentage of the Annual Assessment which shall be

21

added to the Capital Reserve and shall also disclose (i) which portion thereof is for capital expenditures with respect to the Common Elements and (ii) which portion thereof is for capital expenditures with respect to property owned or to be owned by the Condominium Association. Special accounts set up for portions of the Capital Reserve to be used to make capital expenditures with respect to the Common Elements shall be held by the Condominium Association as agent and trustee for the Owners of Dwelling Units with respect to which the Capital Reserve is held and such accounts shall be deemed to have been funded by capital contributions to the Condominium Association by the Owners.

6.09 INITIAL CAPITAL CONTRIBUTION: Upon the closing of the sale of each Dwelling Unit by the Declarant to a purchaser for value, the purchasing Owner shall make a capital contribution to the Condominium Association in an amount equal to one-fourth (1/4) of the current year's Annual Assessment for that Dwelling Unit, which amount shall be held and used by the Condominium Association for its working capital needs (and not as an advance payment of the Annual Assessment).

6.10 NON-PAYMENT OF ASSESSMENTS: Any assessments or other charges or payments which an Owner is required to make or is liable for hereunder which are not paid when due shall be deemed delinquent. If an assessment or other charge or payment is not paid within thirty (30) days after the due date, it shall bear interest from the due date at the contract rate permitted in Illinois, but not to exceed eighteen percent (18%) per annum, and the Board (i) may bring an action against the Owner personally obligated to pay the same, together with interest, costs and reasonable attorneys' fees of any such action, which shall be added to the amount of such assessment or other charge or payment and shall be included in any judgment rendered in such action and (ii) may enforce and foreclose any lien which it has or which may exist for its benefit. In addition, the Board may in its discretion charge reasonable late fees for the late payment of assessments or other charges. No Owner may waive or otherwise escape liability for the assessments or other charges or payment provided for herein by nonuse, abandonment or transfer of his Dwelling Unit.

6.11 CONDOMINIUM ASSOCIATION'S LIEN SUBORDINATED TO MORTGAGES: The lien on each Unit Ownership provided for in Section 6.01 for assessments or other charges or payments shall be subordinate to the lien of any First Mortgage on the Unit Ownership Recorded prior to the date that any such assessments or other charges or payments become due. Except as hereinafter provided, the lien provided for in Section 6.01 shall not be affected by any transfer of title to the Unit Ownership. Where title to the Unit Ownership is transferred pursuant to a decree of foreclosure or by deed or assignment in lieu of foreclosure of a First Mortgage, such transfer of title shall to the extent permitted by law extinguish the lien for any assessments or other charges or payments under Section 6.01 which became due prior to (i) the date of the transfer of title or (ii) the date on which the transferee comes into possession of the Dwelling Unit, whichever occurs first. However, the transferee of a Unit Ownership shall be liable for his share of any assessments or other charges or payments with respect to which a lien against his Unit Ownership has been extinguished pursuant to the preceding sentence which are reallocated among the Owners pursuant to a subsequently adopted annual, revised or special assessment, and nonpayment thereof shall result in a lien against the transferee's Unit Ownership as provided in Section 6.01. If for any reason the Owner of a Dwelling Unit is permitted to remain in possession of his Dwelling Unit during the pendency of a foreclosure action with

22

Case 18-01159   Doc 42   Filed 08/21/18   Entered 08/21/18 09:14:40   Desc Main
              Document      Page 11 of 16

respect to the Dwelling Unit, the Owner shall be required to pay a reasonable rental for such right and the plaintiff in the foreclosure action shall be entitled to the appointment of a receiver to collect such rental.

    6.12 STATEMENT OF ACCOUNT: Upon seven (7) days' notice to the Board and the payment of a reasonable fee, if any, which may be set by the Board, any Owner shall be furnished with a statement of his account setting forth the amount of any unpaid assessments or other charges due and owing from the Owner as of the date of the statement. The statement shall be executed by a duly authorized officer or agent of the Condominium Association and shall be binding on the Condominium Association.

ARTICLE SEVEN
Remedies for Breach or Violation

    7.01 SELF-HELP BY BOARD: Subject to the provisions of Section 7.05, in the event of a violation by an Owner of the provisions, covenants or restrictions of the Act, this Declaration, the By-Laws, or rules or regulations of the Board, where such violation or breach may be cured or abated by affirmative action, the Board, upon not less than ten (10) days prior written notice, shall have the right to enter upon that part of the Condominium Property where the violation or breach exists and summarily abate, remove or do whatever else may be necessary to correct such violation or breach, provided, however, that where the violation or breach involves an improvement located within the boundaries of a Dwelling Unit, judicial proceedings shall be instituted before any items of construction can be altered or demolished. Any and all expenses in connection with the exercise of the right provided by this section shall be charged to and assessed against the violating Owner.

    7.02 INVOLUNTARY SALE: Subject to the provisions of Section 7.05, if any Owner (either by his own conduct or by the conduct of any Resident) shall violate any of the covenants or restrictions or provisions of this Declaration, the By-Laws, or the rules or regulations adopted by the Board, and such violations shall not be cured within thirty (30) days after notice in writing from the Board, or shall re-occur more than once thereafter, then the Board shall have the power to issue to said defaulting Owner a 10-day notice in writing to terminate the rights of said defaulting Owner to continue as an Owner and to continue to occupy, use or control his Dwelling Unit, and thereupon an action may be filed by the Board against said defaulting Owner for a decree declaring the termination of said defaulting Owner's right to occupy, use or control the Dwelling Unit owned by him on account of said violation, and ordering that all the right, title and interest of said defaulting Owner in the Condominium Property shall be sold (subject to the lien of any existing mortgage) at a judicial sale upon such notice and other terms as the court shall determine equitable. The proceeds of any such judicial sale shall first be paid to discharge court costs, court reporter charges, reasonable attorneys' fees and all other expenses of the proceeding and sale, and all such items shall be taxed against said defaulting Owner in the decree. Any balance of proceeds, after satisfaction of such charges and any unpaid assessments hereunder or any liens, shall be paid to the defaulting Owner. Upon the confirmation of such sale, the purchaser shall thereupon be entitled to a deed to the Dwelling Unit and to immediate possession of the Dwelling Unit sold and may apply to the court for a writ of assistance for the purpose of acquiring such possession, and it shall be a condition of any such sale, and the decree shall so provide, that the purchaser shall take the Dwelling Unit so purchased subject to this Declaration.

7.03 FORCIBLE DETAINER: In the event that an Owner is delinquent in payment of his proportionate share of the Common Expenses or any other charges or payments required to be paid by the Owner hereunder, the Board shall have the right to take possession of the Owner's Dwelling Unit and to maintain for the benefit of all other Owners an action for possession in the manner prescribed by "An Act in Regard to Forcible Entry and Detainer" (as may be recodified), as provided in the Act.

7.04 OTHER REMEDIES OF THE BOARD: In addition to or in conjunction with the remedies set forth above, in the event of a violation by an Owner of the Act, this Declaration, the By-Laws, or rules and regulations of the Board, the Board may levy reasonable fines or the Board or its agents shall have the right to bring an action at law or in equity against the Owner and/or others as permitted by law including, without limitation, (i) to foreclose a lien against the Unit Ownership, (ii) for damages, injunctive relief, or specific performance, (iii) for judgment or for the payment of money and the collection thereof, (iv) for any combination of the remedies set forth in this Article or (v) for any other relief which the Board may deem necessary or appropriate. Any and all rights and remedies provided for in this Article may be exercised at any time and from time to time cumulatively or otherwise by the Board in its discretion. The failure of the Board to enforce any provisions of this Declaration, the By-Laws or rules and regulations of the Board shall in no event be deemed a waiver of the right to do so thereafter.

7.05 ENFORCEMENT BY THE BOARD: Prior to the imposition of any fine and concurrently with the sending of the initial notices described in Section 7.01 and 7.02, the Board shall notify the Owner or Resident, as the case may be, in writing of the violation of the rule or regulation and the Board's proposed remedy. Any Owner or Resident who receives such notice may, within three (3) days after receipt of such notice, demand a hearing before the Board or its authorized committee. At such hearing a member of the Board shall present to the Owner or Resident the grounds for the notice and the Owner or Resident shall have an opportunity to challenge such grounds and to present any evidence on his behalf subject to such reasonable rules of procedure as may be established by the Board or its authorized committee, which rules shall adhere to the generally accepted standards of due process. If the Owner or Resident demands a hearing as herein provided, such hearing shall be held within four (4) days after the Board receives the demand and no action shall be taken by the Board until the hearing has been held and notice of the decision of the Board or its authorized committee and the terms thereof has been delivered to the Owner or Resident. The decision of the Board or its authorized committee shall be rendered within three (3) days after the hearing and such decision shall be final and binding on the parties.

7.06 COSTS AND EXPENSES: All expenses incurred by the Board in connection with the enforcement of the provisions of this Declaration or in connection with the exercise of its rights and remedies under this Article, including without limitation, court costs, attorneys' fees and all other fees and expenses, and all damages, liquidated or otherwise, together with interest thereon at the contract rate of interest then permitted in Illinois until paid but not to exceed eighteen percent (18%) per annum, shall be charged to and assessed against the defaulting Owner, and the Condominium Association shall have a lien for all the same upon such Owner's Unit Ownership, as provided in Section 6.01.

24

2002K030381



7.07 <u>ENFORCEMENT BY OWNERS</u>: Enforcement of the provisions contained in this Declaration and the rules and regulations adopted hereunder may be by any proceeding at law or in equity by any aggrieved Owner against any person or persons violating or attempting to violate any such provisions, either to restrain such violation or to recover damages, and against a Unit Ownership to enforce any lien created hereunder.

ARTICLE EIGHT
Annexing Additional Property

8.01 <u>IN GENERAL</u>: Declarant reserves the right, from time to time prior to seven (7) years from the date of Recording of this Declaration, to add portions of the Development Area to the Condominium Property and submit such portions to the Act and this Declaration by Recording a supplement to this Declaration (a "Supplemental Declaration"), as hereinafter provided. For the purposes of this Article, any portion of the Development Area which is made subject to the Act and this Declaration as part of the Condominium Property by a Supplemental Declaration shall be referred to as "Added Property", any Dwelling Units in the Added Property shall be referred to as "Added Dwelling Units". In making Added Property subject to the Act and this Declaration, the following shall apply:

(a) Any buildings located on the Added Property shall be substantially similar in design and construction to the buildings which are initially planned to be made subject to this Declaration.

(b) Added Property may be made subject to the Declaration at different times; there is no limitation on the order in which Added Property may be made subject to this Declaration; and no particular portion of the Development Area must be made subject to this Declaration.

(c) The maximum number of Dwelling Units which may be made subject to this Declaration is 225.

(d) Any Added Dwelling Units which are made subject to this Declaration pursuant to this Article Nine shall be compatible with or of substantially the same style, floor plan, size and quality as the Dwelling Units initially made subject to this Declaration.

8.02 <u>POWER TO AMEND</u>: In furtherance of the foregoing, Declarant reserves the right to Record a Supplemental Declaration, at any time and from time to time prior to seven (7) years from the date of Recording of the Declaration, which amends Exhibits B, C and D hereto, subject to the following limitations:

(a) Exhibit B may only be amended to add portions of the Development Area to Exhibit B;

(b) Exhibit C may only be amended so that the Plats which make up Exhibit C describe all of the Condominium Property, including the Added Property, identify every Dwelling Unit, including the Added Dwelling Units, as provided by the Act;

25

2002K030381

## IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

GEN. NO. 17 LM 927

TIMBER TRAILS UNIT 4 CONDOMINIUM ASSOCIATION

BRIAN J. HENDENSKI, JACKIE M. STEFANIW, and Any/all Unknown Tenants And/or Occupants,

Plaintiff

Defendant(s)

PLTF. ATTY. Keough & Moody, P.C.     DEFT. ATTY.

JUDGE  Stanfa     Court Reporter     Deputy Clerk

A copy of this order ❏ should be sent ❏ has been sent

Plaintiff Present Yes ❏ No ❏     Defendant Present Yes ❏ No ❏

### ORDER IN FORCIBLE ENTRY AND DETAINER

**THE COURT BEING FULLY ADVISED OF THE PREMISES; IT IS ORDERED:**

Continuance:
On Motion of the ___Plaintiff___
that this cause is continued to _____
Time: __9:00__ AM   Room_____
Judge:_____
_____ MUST APPEAR

__ Dismissed **without prejudice**
__ Dismissed with prejudice
__ strike pending dates
XX   **Judgment to enter**:
__ By Default
__ Defendant Having Admitted Liability
__ Upon trial of hearing
X  Proof of Damages made
X  Proof of reasonable attorneys fees made

FOR:
__ Hearing on _____
__ Trial
__ Proof of Damages
__ Alias Summons to Issue
__ Other

In favor of Plaintiff
And against Defendant
In the amount of $2,560.23 and
costs of $393.00 and
attorney's fees of ~~$625.00~~ $500—

X  Judgment for possession of the premises located at 371 Evergreen Circle, Gilberts, Illinois, is hereby granted.

X  execution stayed until October 7, 2017 at 11:59 PM

X  Clerk to send copy of this order to all Defendants

THOMAS J. STANFA

Date:  AUGUST 8, 2017     Judge: _____

Keough & Moody, P.C. - Charles Keough
Attorney for Plaintiff
114 East Van Buren
Naperville, IL 60540
(630) 245-5081
(630) 369-9279 Fax
collection@kmlegal.com

# Account Transaction Report
## Full Transaction History

**Keough & Moody, P.C.**

| | | | | |
|---|---|---|---|---|
| **Association:** | Timber Trails Unit 4 | | | |
| **Owner Name** | Hendenski, Brian | **Mailing Address:** | 371 Evergreen Cir | |
| **Property Address** | 371 Evergreen Cir | | Gilberts, IL 60136-4050 | |
| **Customer Id** | R0474693L0388122 | | | |
| **Last Referral:** | 03/21/2018 | | | |

**Beginning Balance:** 0.00

| Date | Document Number | Description | Charge | Payment | Balance |
|---|---|---|---|---|---|
| 03/31/2018 | ARCM-ARCM-1510914-22 | Incoming Prepaid Adjustments | -489.52 | | -489.52 |
| 03/31/2018 | ARDM-ARDM-1510919-2 | Incoming Collections Charges *Pre-Petition | 6,536.03 | | 6,046.51 |
| 04/01/2018 | RAS-2018M4-1481673-67 | Assessment for April 2018 | 265.24 | | 6,311.75 |
| 04/04/2018 | LEGL-1485002-1 | Legal Charges in Connection with the Collection of Delinquent Assessments-Inv 190678 | 150.00 | | 6,461.75 |
| 05/01/2018 | RAS-2018M5-1483520-83 | Assessment for May 2018 | 265.24 | | 6,726.99 |
| 05/03/2018 | LEGL-1522144-1 | Legal Charges in Connection with the Collection of Delinquent Assessments-Inv 191542 FC | 150.00 | | 6,876.99 |
| 05/31/2018 | 1692049 | Pre petition payment from atty **Trustee Payment | | 932.00 | 5,944.99 |
| 06/01/2018 | RAS-2018M6-1520331-50 | Assessment for June 2018 | 265.24 | | 6,210.23 |
| 06/12/2018 | LFC-2018M6-1581522 | Late Payment Charges for June 2018 | 40.00 | | 6,250.23 |
| 07/01/2018 | RAS-2018M7-1559397-81 | Assessment for July 2018 | 265.24 | | 6,515.47 |
| 07/11/2018 | LFC-2018M7-1617743 | Late Payment Charges for July 2018 | 40.00 | | 6,555.47 |
| 08/01/2018 | RAS-2018M8-1595945-61 | Assessment for August 2018 | 265.24 | | 6,820.71 |
| 08/11/2018 | LFC-2018M8-1660929 | Late Payment Charges for August 2018 | 40.00 | | 6,860.71 |
| | | **Total Due:** | | | 6,860.71 |
| | | *Pre-Petition Balance | (6,536.03) | | 324.68 |
| | | **Trustee Payment - Applicable to Pre | 932.00 | | 1,256.68 |

Page 1 of 1
8/21/2018 8:50:17 AM

| | Account History Breakdown | | | | |
|---|---|---|---|---|---|
| B HENDENSKI / J STEFANIW - 371 EVERGREEN CIR, GILBERTS IL  60136 | | | | | |
| T6075H | Breakdown of Account | | Post-Petition | | Breakdown as of 03/15/18 |
| Date | Description \ Check No. | Charge | Payment Amt | Balance | |
| | | | | $0.00 | |
| 02/01/18 | Monthly Assessment | $265.24 | | $265.24 | |
| 02/12/18 | Late Charge | $40.00 | | $305.24 | |
| 03/01/18 | Monthly Assessment | $265.24 | | $570.48 | |
| 03/12/18 | Late Charge | $40.00 | | $610.48 | |
| 03/23/18 | 1564002996 | | $1,100.00 | ($489.52) | |
| | | Total Charges | Total Payments | Total Balance | |
| | | $610.48 | $1,100.00 | ($489.52) | |